UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MITCHELL EADS #243729,

    Plaintiff,

v.                                                          3:11-cv-29

TENNESSEE DEPARTMENT OF CORRECTION,
et al.,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendant David Osborne. For the following reasons, process shall not issue as to the remaining defendants at this time.

Plaintiff is an inmate in the Morgan County Correctional Complex (MCCX). The defendants are the Tennessee Department of Correction (TDOC), TDOC Commissioner Gayle Ray, Assistant Commissioner David Mills, MCCX Warden David Osborne, and numerous other officials and health care providers at MCCX. Plaintiff alleges the following: in late 2008 he contracted methicillin-resistant staphylococcus aureus (MRSA), a highly contagious infectious disease; he was given an antibiotic that is generally used to treat urinary tract infections, which was not adequate to treat the MRSA; and the infection has returned more than fifteen times and each time he has been given the same inadequate antibiotic. Plaintiff further alleges that he has permanent scars as a result of his numerous infections and that he continues to suffer from an active MRSA infection, which the medical personnel refuse to properly treat.

The Eighth Amendment's ban against cruel and unusual punishment obliges prison authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Generally, when a prisoner complains about the adequacy of medical care he has received, his complaint fails to state a claim under § 1983. *See, e.g., Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). In this case, however, plaintiff alleges that the

2

Case 3:11-cv-00029-RLJ-CCS   Document 8   Filed 01/25/11   Page 2 of 5   PageID #: 86

defendants' continued treatment of his MRSA with inadequate antibiotics for over two years constitutes a deliberate indifference to his serious medical needs.

Plaintiff also claims that, without a copy of his medical records, he cannot identify every person involved in his medical treatment or the dates of their involvement. For that reason, he has not made specific allegations against the individual defendants. Under the circumstances, the court will allow service of process upon David Osborne, the Warden of MCCX. *See* Tenn. Code Ann. § 41-1-104 ("The custody, welfare, conduct and safekeeping of the inmates shall be the responsibility of the warden ....") The plaintiff is **ORDERED** to complete the service packet for defendant Osborne and return it to the Clerk's Office within twenty (20) days of the date of receipt of this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendant Osborne shall answer or otherwise respond to the complaint within twenty (20) days from the date of service. Defendant Osborne should provide the court with copies of plaintiff's medical records which are relevant to the diagnosis and treatment of his MRSA, as well as any other documents the defendant believes are relevant to plaintiff's allegations. The defendant should also respond to plaintiff's motion for injunctive relief.

Plaintiff has also filed a motion for appointment of counsel and a motion to preserve the district court's jurisdiction. The appointment of counsel in a civil case is a matter within the discretion of the court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). After

3

careful consideration of plaintiff's motion, including the type and nature of the case, its complexity, and the plaintiff's ability to prosecute his claim, this court is of the opinion that counsel is not necessary at this time to insure that plaintiff's claims are fairly heard. *See Knop v. Johnson*, 977 F.2d 996 (6th Cir. 1992); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Plaintiff's motion for appointment of counsel [Court File No. 4] is **DENIED**.

In his motion to preserve the district court's jurisdiction, plaintiff asks this court to enter an order prohibiting plaintiff's transfer to another prison if such a transfer would threaten the court's jurisdiction over this case. The housing of state prisoners is within the discretion of the Tennessee Department of Correction. Accordingly, the motion [Court File No. 5] is **DENIED**.

Plaintiff is **ORDERED** to inform the court, and the defendant or his counsel of record, immediately of any address changes. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

4

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**ENTER:**

                                                 s/ Leon Jordan
                                       United States District Judge